MARCUS L. WARD and others, appellants,

*v.*

JULIUS H. PRATT and others, respondents.

On appeal from the following decree advised by

THE VICE-CHANCELLOR.

This cause coming on to be heard before the court, in presence of John Linn, of counsel with the complainants, and of Cortlandt & R. Wayne Parker, of counsel with the defendants, Marcus L. Ward and Abram S. Hewitt, the complainants' bill having been heretofore taken as confessed against the other defendant, and the pleadings and proofs having been read and heard, and the arguments of the respective counsel having been heard and considered, and the court having duly considered the said pleadings, proofs and arguments, and it appearing to the court that

the complainants are entitled to the relief sought and prayed for by them in their bill of complaint:

DECREE.

It is, on this 23d day of June, 1879, by Theodore Runyon, chancellor of the state of New Jersey, ordered, adjudged and decreed, and the said chancellor doth, by virtue of the power and authority of this court, order, adjudge and decree that the said defendants, Marcus L. Ward and Abram S. Hewitt, pay to said complainants, within thirty days after the service of a copy of this decree, the sum of $8,320.63, with interest thereon, from the 15th day of December, 1873, to July the 4th, 1878, at seven per cent. per annum, and interest from July 4th, 1878, until paid, at six per cent. per annum, with the complainants' costs of this suit to be taxed, or, in default thereof, that the lands and premises described in said bill of complaint be sold to raise and satisfy said sums of money, with interest as aforesaid; and that, for that purpose, if it become necessary so to do, a writ of *fieri facias* do issue out of this court, to be directed to the sheriff of the county of Essex, directing him to make sale according to law of said lands and premises, to raise and satisfy said several sums of money, interest and costs as aforesaid, and that he pay the same to said complainants or their solicitors; and that, in case more money should be raised by the sale than shall be sufficient to answer such payment, such surplus money be brought into this court and deposited with the clerk, to abide the further order of this court, unless otherwise previously disposed of by order of the court, and the said sheriff is to make return to this court of his proceedings by virtue of the said writ.

And it is further ordered, adjudged and decreed, that the defendants, and all persons claiming by, from, through or under them, stand absolutely debarred and foreclosed of and from all right, title and claim to said premises, when sold as aforesaid, by virtue of this decree.

Jacobsen v. Dodd.

*Mr. R. Wayne Parker*, for appellant, cited :

*Rec'rs Midland* v. *Wortendyke, 12 C. E. Gr. 658 ; Bigelow on Estoppel (ed. 1872) 474, 477 ; Winchell* v. *Edwards, 12 Law Reg. (N. S.) 255, 57 Ill. 41 ; Corkhill* v. *Sanders, 44 Barb. 218 ; Stewart's Digest, Estoppel* §§ *58, 67, 75, 76, 87, 131, 133, 165, 167, 173, Corporations* § *110.*

*Mr. John Linn*, for respondents, cited :
*Hewitt's Case, 10 C. E. Gr. 211.*

PER CURIAM.
The decree in this case unanimously affirmed.